IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD GENE BLANTON, #1307891, PLAINTIFF, | § § § § | |
| v. | § | CIVIL CASE NO. 3:21-CV-291-D-BK |
| JORGE A. SOLIS, ET AL., DEFENDANTS. | § § § § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case was referred to the United States magistrate judge for judicial screening, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE**.

I. BACKGROUND

In 2005, Donald Gene Blanton was convicted of possession of cocaine and tampering with evidence and was sentenced to 20-years and life imprisonment, respectively. *Blanton v. State*, Nos. 23,078-86 and 23,592-86 (86th Jud. Dist. Ct., Kaufman Cnty., Tex. 2005). He unsuccessfully sought state and federal habeas relief and the Court of Appeals for the Fifth Circuit denied him leave to file three successive habeas petitions. *See Blanton v. Davis*, No. 3:17-CV-1453-G (BH), 2017 WL 2729106, at *1 (N.D. Tex. June 5, 2017), *R. & R. adopted*, 2017 WL 2719351 (N.D. Tex. June 23, 2017) (summarizing filing history), *leave to file denied*, No. 17-10714, Civ. Doc. 17 (5th Cir. Aug. 14, 2017). As a result of his repetitive successive petitions, The Court of Appeals also ordered Blanton to pay a sanction of $100, which remains

unpaid, and barred him "from filing in this court or any court subject to this court's jurisdiction any challenge to his instant convictions until the sanction is paid, unless he obtains leave of the court in which he seeks to file such challenge." Civ. Doc. 17 at 2-3.

On February 9, 2021, Blanton apparently filed this civil case, rather than a habeas corpus petition, as an attempted end run around the Fifth Circuit sanction order. Blanton complains of "a life endangerment emergency" and seeks to hold this Court's "judges … liable for [Blanton] contracting the deadly coronavirus." Doc. 2 at 1. He names as defendants officials of this Court—the former chief judge, clerk, and five district judges and magistrate judges who ruled on his federal habeas petitions. Doc. 2 at 2. That notwithstanding, Blanton essentially challenges only his underlying conviction by attacking the validity of his indictment and claiming actual innocence. Doc. 2 at 9-13, 23. He also asks this Court to (1) grant him a new hearing in the state court and (2) provide him with "coronavirus treatment" and a "single-man cell" while he awaits his hearing. Doc. 2 at 23.

Upon review, Blanton's complaint lacks any legal basis and should be dismissed *sua sponte*.

## II.   ANALYSIS

Blanton's complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).[1] Those statutes provide for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v.*

---

[1] Because Blanton did not pay the required filing fee, the Court takes it that he seeks leave to proceed in forma pauperis.

*Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

      The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Blanton's complaint is frivolous and fails to state a claim.

      First, to the extent Blanton is challenging his conviction, he is barred from doing so by the Fifth Circuit's sanction order, as the $100 sanction remains unpaid. *See* Civ. Doc. 17 at 2-3 (barring *any* challenge to [Blanton's] instant convictions until the sanction is paid, unless he obtains leave of the court in which he seeks to file such challenge.") (emphasis added). The Fifth Circuit's sanction order, although issued in the appeal of a habeas action, does not specify that it is limited only to future habeas actions, and this Court does not presume such.

      Nonetheless, Blanton cannot challenge his state court convictions in a civil action even if the sanction order is inapplicable. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement'" (quoting *Preiser v. Rodriguez,* 411 U.S. 475, 498 (1973))). Constitutional challenges to state court convictions are generally only cognizable in a federal habeas corpus action after exhaustion of state court remedies. *See* 28 U.S.C. § 2254. Moreover, because of the outstanding sanction order discussed *supra*, this Court cannot construe Blanton's petition as seeking habeas relief.

Therefore, Blanton fails to state a cognizable claim or anything that can be construed as such.[2]

### III. LEAVE TO AMEND

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, the Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* For the reasons outlined here, Blanton's claims are fatally infirm. Thus, Blanton has apparently already pled his best case and granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

**SO RECOMMENDED** on February 18, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent Blanton intended to seek damages, the judges and clerk of this Court are entitled to absolute immunity, as the complained of actions were all done in their performance of their official functions. *See Stump v. Sparkman*, 435 U.S. 349, 361-62 (1978); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) ("Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion."); *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) ("court clerks 'have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion.'") (quoted case omitted).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).